**CHANG HAO LIN–LIN, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

**No. 08–1180.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Jan. 5, 2010.

Opinion filed: Jan. 13, 2010.

Theodore N. Cox, Esq., New York, NY, for Petitioner.

Aliza B. Alyeshmerni, Esq., Richard M. Evans, Esq., Thomas W. Hussey, Esq., United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: AMBRO, CHAGARES and ALDISERT, Circuit Judges.

## OPINION

PER CURIAM.

Chang Hao Lin–Lin petitions for review of an order of the Board of Immigration Appeals ("BIA"). For the reasons below, we will deny the petition for review.

Lin–Lin, a native of China, entered the United States in December 2004. He was charged as removable as an alien who entered without being admitted or paroled. *See* Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i) [8 U.S.C. § 1182(a)(6)(A)(i) ]. He conceded removability and applied for asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT"). Specifically, he argued that as the spouse of a woman who had been forced to have an IUD inserted and undergo two abortions, he qualified as a refugee under the Act. Following both abortions, Lin–Lin became "angry" and "extremely upset," and went to the family planning office to protest. The first time, Lin–Lin "quarreled" with the family planning authorities. As a result, he was detained for two days and "beaten up," resulting in leg "injur[ies] and bleeding." Lin–Lin went to his village doctor, who treated him with medicine. After learning of his wife's second forced abortion, Lin–Lin returned to the family planning office and was again "beat[en] ... up badly." He also had to pay fines totaling 8000 RMB.

The Immigration Judge ("IJ") denied Lin–Lin's applications, concluding that he was not credible. On appeal, the BIA

assumed Lin–Lin was credible, but held that he could not base his own asylum claim on the forced abortion and contraception of his wife. The Board further determined that the harm Lin–Lin suffered as a result of other resistance to China's family planning policies was not so severe as to amount to persecution under the Act. The BIA also rejected Lin–Lin's claim for withholding and relief under the CAT. Lin–Lin filed a timely petition for review.

We have jurisdiction pursuant to INA § 242 [8 U.S.C. § 1252]. Because the BIA independently assessed the record, we review only the BIA's final order of removal. *See Ezeagwuna v. Ashcroft*, 325 F.3d 396, 405 (3d Cir.2003). We use a substantial evidence standard to review factual findings, *Tarrawally v. Ashcroft*, 338 F.3d 180, 184 (3d Cir.2003), including findings concerning an applicant's past persecution or "well-founded fear of future persecution," *Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir.2002). Under the substantial evidence standard, findings are upheld "unless the evidence not only supports a contrary conclusion, but compels it." *Abdille v. Ashcroft*, 242 F.3d 477, 484 (3d Cir.2001). We review the BIA's legal conclusions de novo. *See Briseno–Flores v. Att'y Gen.*, 492 F.3d 226, 228 (3d Cir.2007).

An applicant may demonstrate eligibility for asylum by showing either past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. *See* INA § 101(a)(42)(A) [8 U.S.C. § 1101(a)(42)(A) ]. Significantly, "persecution connotes extreme behavior, including threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." *Ahmed v. Ashcroft*, 341 F.3d 214, 217 (3d Cir.2003) (quotations omitted). It "does not include all treatment that our society

regards as unfair, unjust, or even unlawful or unconstitutional." *Id.* (quotation omitted).

■ The spouses of those who have been persecuted by coercive population control policies are not automatically eligible for asylum. *Lin–Zheng v. Att'y Gen.*, 557 F.3d 147 (3d Cir.2009) (en banc) (holding that there is no automatic refugee status for spouses of individuals subjected to coercive population control policies). Based on the statutory definition of "refugee" under INA § 101(a)(42) [8 U.S.C. § 1101(a)(42) ], we concluded in *Lin–Zheng* that refugee status extends only to the individual who had been subjected to an involuntary abortion or sterilization procedure, had been persecuted for failing or refusing to undergo such a procedure, or had a well-founded fear of such persecution in the future. *See id.* at 156. Lin–Lin implicitly acknowledges this, but argues that he established past persecution based on his own resistance to China's family planning policy. *See id.* at 157 (noting that spouses remain eligible for relief if they qualify as a refugee under § 1101(a)(42) based upon their own persecution, or well-founded fear of persecution, for "other resistance" to a coercive population control program). As evidence of persecution, Lin–Lin points to the fines, detention and beatings, and psychological harm brought on by his wife's abortions and forced contraception.

■ While Lin–Lin's complaints about his wife's abortions to family planning officials likely constitute "other resistance," the record does not compel a finding that his experiences based on that resistance rise to the level of persecution. Lin–Lin claimed that he paid fines totaling 8000 RMB. He did not allege, however, that those fines were so onerous that they threatened his life or freedom. *See Li v. Att'y Gen.*, 400 F.3d 157, 168 (3d Cir.

2005). Moreover, the short detention and beatings were not sufficiently severe to constitute persecution, particularly when Lin–Lin's injuries required only medicine from the village doctor. *See Kibinda v. Att'y Gen.,* 477 F.3d 113, 119–20 (3d Cir. 2007) (holding that a single detention and beating requiring a few stitches and leaving a scar was not "severe enough to constitute persecution under our stringent standard"). Lin–Lin also alleged that he was "angry" and "extremely upset" as a result of his wife's forced abortions and contraception. "[A] finding of past persecution might rest on a showing of psychological harm." *Ouk v. Gonzales,* 464 F.3d 108, 111 (1st Cir.2006). But, even assuming that a spouse's emotional suffering remains a cognizable basis for asylum following *Lin–Zheng,* 557 F.3d at 156, we conclude that the record here does not establish that Lin–Lin suffered psychological harm rising to the level of persecution. *See Jiang v. Gonzales,* 500 F.3d 137, 141–43 (2d Cir.2007) (finding no past persecution where forced abortion resulted in illness and diminished health to petitioner's mother, imposing " 'anguish' and 'economic loss' " to him). Additionally, Lin–Lin argued that the BIA failed to consider whether the cumulative effect of his experiences constitute persecution. We disagree. The BIA found that Lin–Lin "has not shown that the level of harm that he suffered on account of his 'other resistance,' which consisted of a 2–day detention, a beating that caused bleeding to his legs, and the imposition of a fine, was so severe as to amount to persecution under the Act."

Because Lin–Lin cannot satisfy the asylum standard, he cannot satisfy the more difficult withholding of removal standard. *See Zubeda v. Ashcroft,* 333 F.3d 463, 469–70 (3d Cir.2003). Finally, substantial evidence supports the BIA's conclusion that Lin–Lin failed to demonstrate that it is more likely than not that he would be tortured by the Chinese government, or that the government would consent or acquiesce to his torture.

For the above reasons, we will deny the petition for review.